JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-04030-JHN -JEMx | Date | June 4, 2010 |
|---|---|---|---|
| Title | Patrick Nazemi v. J.P. Morgan Chase Bank, N.A. et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** ORDER REMANDING CASE TO THE LOS ANGELES SUPERIOR COURT (In Chambers)

On June 3 and 4, 2010, Plaintiff filed applications for a Temporary Retraining Order ("TRO") before this Court. (Docket nos. 4–6.) Plaintiff indicates an intention to move for a remand to state court. On May 20, 2010, Plaintiff had filed a complaint and ex-parte application for TRO in the Los Angeles Superior Court alleging various reformation causes of action related to his mortgage. That court issued a TRO enjoining the trustee's sale. On May 28, 2010, this action was removed to this Court pursuant to 28 U.S.C. § 1441 and 1446. Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. The sole basis of federal question jurisdiction is Plaintiff's claim for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et.seq*. for damages and rescission.

Plaintiff's TILA allegations, however, are deficient. Plaintiff's TILA claim arises out of a June 2006 loan transaction. Therefore, Plaintiff's TILA cause of action for both damages and rescission is time-barred. TILA applies a one year statute of limitations to damages claims and a three year limitations period for the right to rescind. 15 U.S.C. §§ 1635(f), 1640(e). The limitations period begins to run from the date the loan transaction is consummated. *King v. California*, 784 F.2d 910, 915 (9th Cir.1986). Plaintiff's allegations stemming from the 2006 transaction are clearly time-barred. A district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." *See* 28 U.S.C. § 1367(c)(3). Because the complaint does not have a valid federal question cause of action, the court does not have original jurisdiction. The Court hereby declines to exercise supplemental jurisdiction over the remaining state law causes of action.

The matter is hereby REMANDED to the Los Angeles Superior Court. Plaintiff's Ex Parte Applications for Temporary Retraining Orders (docket nos. 4–6) are hereby DENIED as MOOT.

IT IS SO ORDERED.